Opinion issued January 5, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-313-CR

———————————

Billy Tobar, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1110414

 



 

MEMORANDUM OPINION

          Appellant
Billy Tobar pleaded true to the offense of aggravated sexual assault of a child
younger than fourteen years of age. 
Pursuant to a plea agreement with the State, the trial court deferred
adjudication of guilt and placed Tobar on community supervision.  Subsequently, the State moved to revoke Tobar’s
community supervision and to adjudicate guilt, on the grounds that Tobar had
violated the conditions of his community supervision.  Tobar pleaded “true” to two of the
allegations in the motion and “not true” to the remaining allegations.  The trial court found the allegations true,
adjudged appellant guilty of the original charge, and assessed punishment at
confinement for twenty years.  The trial court certified Tobar’s
right to appeal, and he timely appealed.

          Tobar’s appointed counsel on appeal
has filed a motion to withdraw and an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney has an ethical obligation to refuse to prosecute
a frivolous appeal.  In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (citing McCoy v. Court of Appeals of Wis., 486 U.S. 429, 436, 108 S. Ct.
1895, 1901 (1988)).  If an appointed
attorney finds a case to be wholly frivolous, his obligation to his client is
to seek leave to withdraw.  Id. at 407.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded.  Id.

We may not grant the motion to withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review with the Texas Court of Criminal Appeals; 

(2)     the
attorney has informed this Court that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

See id. at 408–09.  If we agree that the appeal
is wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the trial court’s judgment.  See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to Tobar and informed him of his right to
examine the appellate record and to file a response.  See
Schulman, 252 S.W.3d at 408.  Tobar has
not filed a response.

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel discusses the evidence adduced at the
trial, supplies us with references to the record, and provides us with citation
to legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
ground of error that warrants reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner, 300 S.W.3d at 767 (explaining
that frivolity is determined by considering whether there are “arguable
grounds” for review); Bledsoe, 178
S.W.3d at 826–27 & n.4 (emphasizing that reviewing court—and not counsel—determines,
after full examination of proceedings, whether appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals.  See
Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[1]
 Attorney Kurt B. Wentz must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  The Clerk of the Court is ordered to send a
copy of this opinion to Tobar.  We
dismiss all pending motions as moot.

PER
CURIAM

                                                                   

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Appointed
counsel still has a duty to inform Tobar of the result of this appeal and that
he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).